1    DENNIS J. HERRERA, State Bar #139669
     City Attorney
2    JOANNE HOEPER, State Bar #114961
     Chief Trial Deputy
3    DANIEL ZAHEER, State Bar #237118
     Deputy City Attorney
4    Fox Plaza
     1390 Market Street, Sixth Floor
5    San Francisco, California 94102-5408
     Telephone:    (415) 554-3822
6    Facsimile:     (415) 554-3837
     E-Mail:        daniel.zaheer@sfgov.org

7

8    Attorneys for Defendants
     CITY AND COUNTY OF SAN FRANCISCO AND
9    HEATHER FONG (IN HER OFFICIAL CAPACITY)

10

11

12                 UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14    Marcus Landry and Daniel Landry,

15             Plaintiffs,

16        vs.

17    City and County of San Francisco;
     Heather Fong; Frederick Schiff; Callaway,
18    #360; McCall, #901; Palma, #841;
     Personal Protective Services; Pete
19    Rodriguez; Rene Garcia; Pat Young; Jack
     Nyce; Garner, #186; K. McArthur; Wong,
20    #2038; Mariano, #2191; Parker, #121;
     Cathey, #1090; Hallisy, #1794;
21    Rodriguez, #1976; Jackson, #275, and
     Does 1 to 100,

22

23             Defendants.

Case No. **CV 08 3791**

**NOTICE OF REMOVAL**
Under 28 U.S.C. §1441(a), (b)
(Federal Question)

**Attached Documents**
**Exh. A:** Register of Action, Superior Court
of California, County of San Francisco,
*Landry et al. v. CCSF et al.*, Case No. 08-
477923
**Exh. B:** Complaint and Summons
**Exh. C:** Answer Of Defendants City And
County Of San Francisco To Plaintiffs'
Complaint; Demand for Jury Trial;
Objection to Court Commissioner

Removal Date:      August 7, 2008
Trial Date:        None Set

24

25

26

27

28

ORIGINAL FILED
AUG 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

EMC

1    TO:    CLERK OF THE ABOVE-ENTITLED COURT:

2    TO:    PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

3        PLEASE TAKE NOTICE that defendant City and County of San Francisco ("Defendant"),

4    hereby removes to this Court the state court action described below.

5        1.    On or about July 25, 2008, plaintiffs Marcus and Daniel Landry filed a complaint in

6    the Superior Court in and for the City and County of San Francisco, Case No. 08-477923, against

7    defendants City and County of San Francisco, Heather Fong, Frederick Schiff, Callaway, McCall,

8    Palma, Personal Protective Services, Pete Rodriguez, Rene Garcia, Pat Young, Jack Nyce, Garner, K.

9    McArthur, Wong, Mariano, Parker, Cathey, Hallisy, Rodriguez, Jackson and Does 1 to 100 (the

10    "State Court Case"). Attached hereto as Exhibit A is the Superior Court Register of Actions

11    reflecting the filing of the complaint.

12        2.    Defendant is informed and believes that the first date upon which any defendant in this

13    action received a copy of the First Amended Complaint was July 29, 2008, when plaintiffs served the

14    City and County of San Francisco and defendant Heather Fong (in her official capacity) with a copy

15    of the complaint by delivering a copy of the Complaint to the Mayor's Office. Pursuant to 28 U.S.C.

16    §1446(a), copies of the Summons and Complaint, which constitutes all of the process, pleadings and

17    orders that have been received by the defendants in this case, are attached hereto as Exhibit B.

18    Defendants were not served with any corresponding notices or any other state court documents,

19    including the original complaint.

20        4.    The Complaint purports to state *federal* claims pursuant to 28 U.S.C. §1983 (for

21    violation of Plaintiffs' federal constitutional rights) and *Monell v. Department of Social Services of*

22    *the City of New York*, 436 U.S. 658 (1978).

23        5.    This action is therefore a civil action over which this Court has original jurisdiction

24    under 28 U.S.C. §1331, and is one which may be removed to this Court pursuant to 28 U.S.C.

25    § 1441(a) & (b), in that it arises under the federal civil rights laws.

26        6.    Defendant is informed and believes that the City and County of San Francisco and

27    Heather Fong (in her official capacity) are the only defendants that have been served the Summons

28    and Complaint in the pending action. Attached hereto as Exhibit C are copies of the documents

NOTICE OF REMOVAL
CASE NO.
          2

1  defendants have filed in the State Court Case, including: 1) Answer Of Defendant City And County

2  Of San Francisco and Heather Fong (in her official capacity) To Plaintiffs' Complaint; 2) Demand For

3  Trial By Jury; and 3) Objection To Court Commissioner Acting As Judge Pro-Tempore At Trial

4  Pursuant To San Francisco Superior Court Local Rule 6.1(c).

5      **WHEREFORE,** Defendants pray that the above action now pending in the Superior Court of

6  the State of California in and for the City and County of San Francisco be removed in its entirety to

7  this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et. seq.*

8      Dated:  August 7, 2008

9                                      DENNIS J. HERRERA
10                                     City Attorney
                                       JOANNE HOEPER
11                                     Chief Trial Deputy
                                       DANIEL A. ZAHEER
12                                     Deputy City Attorney

13
14     By: _____
           DANIEL A. ZAHEER
15
                                       Attorneys for Defendant CITY AND COUNTY OF
16                                     SAN FRANCISCO

17

18

19

20

21

22

23

24

25

26

27

28

## Superior Court of California, County of San Francisco

Case Number: CGC-08-477923

Title: MARCUS LANDRY et al VS. CITY AND COUNTY OF SAN FRANCISCO et al

Cause of Action: CIVIL RIGHTS

Generated: Aug-07-2008 12:23 pm PST

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

## Register of Actions

Date Range: First Date  Jul-25-2008    Last Date  Aug-07-2008    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence ▼    ALL FILING TYPES ▼    Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| JUL-25-2008 | NOTICE TO PLAINTIFF | View | |
| JUL-25-2008 | CIVIL RIGHTS, COMPLAINT FILED BY PLAINTIFF LANDRY, MARCUS LANDRY, DANIEL AS TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO FONG, HEATHER SCHIFF, FREDERICK CALLAWAY, #360 MCCALL, #901 PALMA, #841 PERSONAL PROTECTIVE SERVICES RODRIGUEZ, PETE GARCIA, RENE YOUNG, PAT NYCE, JACK GARNER, #186 MCARTHUR, K WONG, #2038 MARIANO, #2191 PARKER, #121 CATHEY, #1090 HALLISY, #794 RODRIGUEZ, #1976 JACKSON, #275 DOES 1 TO 100 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR DEC-26-2008 PROOF OF SERVICE DUE ON SEP-23-2008 CASE MANAGEMENT STATEMENT DUE ON DEC-11-2008 | View | 335.00 |

EXH. "1A"

ORIGINAL

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
(see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Marcus Landry and Daniel Landry

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State Of California
City and County of San Francisco
400 McAllister Street, Room 103, S.F., CA

CASE NUMBER:
*(Número del Caso):* CGC-08-477923

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory M. Haynes, Esq.                    SB# 111574
2443 Fillmore, #194, S.F., CA 94115
(415) 546-0777

DATE: JUL 2 5 2008    Gordon Park-Li    Clerk, by    P. NATT    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXH. B

**Attachment**

City and County of San Francisco,
Heather Fong; Frederick Schiff;
Callaway, # 360; McCall, #901;
Palma, # 841; Personal Protective Services;
Pete Rodriguez; Rene Garcia; Pat Young;
Jack Nyce; Garner, #186; K. McArthur; Wong, #2038;
Mariano, #2191; Parker, #121, Cathey, #1090,
Hallisy, # 794; Rodriguez, #1976;  Jackson, # 275
and Does 1 to 100

        Defendants

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GREGORY M HAINES ESQ  -ATTY SB#111574 | **FILED** |
| 2443 FILLMORE, #194 | San Francisco County Superior Court |
| S.F. CA 94115 | |
| TELEPHONE NO: (415) 546-0772   FAX NO.: | JUL 25 2008 |
| ATTORNEY FOR (Name): PLAINTIFFS | GORDON PARK-LI, Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 Mc ALLISTER ST, CA 94115
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:
LANDRY V CCSF

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-08-477923 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [X] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify): 12
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7-25-08

GREGORY M HAINES
(TYPE OR PRINT NAME)                    ► _____
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

ORIGINAL

1  Gregory M. Haynes, Esq.
2  SBN: 111574
   2443 Fillmore, #194
3  San Francisco, CA 94115
4  (415) 546-0777

5
   Attorney for Plaintiffs
6  Marcus Landry and Daniel Landry

7

8         SUPERIOR COURT OF THE STATE OF CALIFONIRA
9              CITY AND COUNTY OF SAN FRANCISCO

10  Marcus Landry and Daniel Landry,        Action No.    CGC-08-477923
11                                          Violation of 42 Section 1983:
12        Plaintiffs,                       Search and Seizure; Equal
                                            Treatment
13                                          Supervisory Liability; Monell
14  v.                                      Liability;   Battery; False Arrest/
15                                          Imprisonment; Intentional and
                                            Negligent Infliction of Emotional
16                                          Distress; Violation of Sections 51-
17                                          52.1 of the Civil Code; Injunctive and
                                            Declaratory Relief
18

19  City and County of San Francisco;
20  Heather Fong; Frederick Schiff;
    Callaway, # 360; McCall, #901;
21  Palma, # 841; Personal Protective Services;
22  Pete Rodriguez; Rene Garcia; Pat Young;
    Jack Nyce; Garner, #186; K. McArthur; Wong, #2038;
23  Mariano #2191; Parker #121, Cathey, #1090,
24  Hallisy, # 794; Rodriguez, #1976;  Jackson, # 275
    and Does 1 to 100
25

26    Defendants

27  ─────────────────────────────────────/

28

SUMMONS ISSUED
F I L E D
San Francisco County Superior Court

JUL 2 5 2008

GORDON PARK-LI, Clerk
BY: _____
              Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 2 6 2008 -9:00 AM

DEPARTMENT 212

1

I

Plaintiffs in this matter are Marcus Landry and Daniel Landry  who complains of defendants and each of them as follows:

II

Defendants  **Frederick Schiff; Callaway, #360; McCall, #901; Palma, #841;  Wong, #2038; Mariano #2191; Parker, #131; Cathey, #1090; Hallisy, #794;  Rodriquez, #1976;  Jack Nyce;  and Jackson, #275** were all employees of the City and County of San Francisco and were police officers at all times herein mentioned and were acting under color of law.  Defendant **Pat Young** and Garner, #186 were  employees of the City and County of San Francisco and  probation officers  at all times herein mentioned and was acting under color of law.

Defendant  **Heather Fong** was the Chief of Police of the City and County of San Francisco, an employee of the City and County of San Francisco and was acting  under color of law at all times herein mentioned.

Defendants **Pete Rodriguez, Rene Garcia** and **K. McArthur** were employees of Personal Protective Services at all times herein mentioned.

Defendant **Personal Protective Services,** form unknown, does business in the state of California.

Plaintiff is unaware of the true names of does 1 to 100 and therefore sues such person by such fictitious names.  Upon learning the true names of such persons, plaintiff will so name such defendants.

Each of the defendants was acting as the agent for the other.

Defendant **City and County of San Francisco** is a public entity.

Plaintiffs have complied with the claims statute.

III

On or about October 16, 2007 plaintiff Marcus, was stopped on property of Marcus Garvey Square area by defendant private security officers **Pete Rodriguez** and **Rene Garcia**.   The stop was unreasonable. Further, officer P. **Rodriguez** attempted to take keys, without justification, from the hand of plaintiff Marcus.    Upon taking such keys, **Rodriguez** then unreasonably opened a container attached to the keys.

Objecting to the unreasonably conduct of Officer Rodriguez, plaintiff took the keys back from the officer and attempted returned to his home.

Officers **Rodriguez** and **Garcia** then surrounded the home of Marcus so as to prevent his exist of the home.  The officers further called the police, and requested them to enter the house and search for any illegal substances.

Defendant San Francisco police officers Sgt. **Callaway**, #360 and Sgt. **Schiff** arrived on the scene.

Upon arriving on the scene, Sgt **Schiff** advised Marcus, a minor, that he was on probation and as a result he was obliged to permit a search of his person and home.

**Rodriguez** had described the container as containing contraband.

After threatening to enter by building by force with the assistance of the San Francisco Fire Department, Marcus exited his father's home.  He was searched by officer **Schiff**.  Schiff found  Marcus's  keys and the container, which **Rodriguez**—who was nearby—identified as the keys and container he had previously identified.

**Schiff** searched the container which was empty.  **Schiff** claims it smelled of marijuana.

Marcus, a minor, lived at the residence of his father, Daniel Landry. Plaintiff Daniel Landry arrived at his home and objected to the house being searched, and was detained and not permitted in the house while the house was searched.

Marcus was detained and Schiff entered the home, over the objections of plaintiffs including Daniel Landry, with other officer and searched the home. Plaintiff Daniel Landry was also detained and not permitted to enter the home.

Defendant Schiff removed from the house a notebook he indicates he found in a closet near the living area of Marcus and a newspaper article located in a drawer next to bed of Marcus.

Defendant Schiff called the duty probation officer, Officer Garner, #186. Defendant Garner advised Schiff to make a report of what occurred and forward it to probation officer Young for further action.

Defendant Schiff then released Marcus, who was detained in a police vehicle and did not return the items he took.

IV

On or about October 18, 2008, plaintiff Marcus Landry was sitting in a parked car. Defendant private protective Officer **Rene Garcia** saw plaintiff in the parked car. Defendant Garcia then ordered plaintiff to get out of the car. Plaintiff got out of the car and defendant **Garcia** used unreasonable force to detain him. Further, the detention was without probable cause and unreasonable.

Defendant private protective officer **K. McArthur** detained plaintiff with defendant Garcia and assisted in the acts herein.

Defendant Garcia alleges that he detained plaintiff because plaintiff was on probation and was in violation of his 10:00p.m. curfew and that

4

1  Defendant Garcia was advised by defendants **Schiff** and **Pat Young**,

2  earlier in the day of October 18, 2008, if Garcia found plaintiff in violation of

3  his curfew, defendant Garcia should detain plaintiff and call the police so

4  that the police could arrest plaintiff. Defendants Schiff and Pat Young also

5  unreasonably escorted plaintiff home and unreasonably searched plaintiff's

6  home on October 18, 2008.

7  Upon detaining Marcus with excessive force, the San Francisco

8  Police Officers arrived, including but not limited to Officer Jackson, #275,

9  Officer Wong, # 2038, officer Mariano, #2191, officer Parker, # 131, officer

10  Cathey, #1090,officer Hallisy, #794 and officer Rodriquez, #1976, officer

11  Parker, #131 and Jack Nyce.

12  Said arriving officers, continued the unreasonable detention of the

13  plaintiff. The officers subsequently released Marcus Landry. The officers

14  allege that they attempted to contact defendant Schiff and the juvenile

15  probation, but were unable reach either.

16  Daniel Landry arrived at the scene while Marcus was being detained

17  and witnessed the unlawful conduct, including the detention and use of

18  excessive force.

19  

20  

21  

22  V
First Cause of Action
Constitutional Violations
Under Title 42 Sections 1983

23  

24  

25  Plaintiffs reallege the allegations set forth in paragraphs I to IV.

26  On or about October 16, 2007, as a result of the unlawful conduct of the

27  defendant officers--including but not limited to defendants **Frederick**

28  **Schiff; Callaway, #360; McCall, #901; Palma, #841; Wong, #2038** and

5

1  Garner, #186;  private security officers **Rodriguez** and  **Garcia; Personal**

2  **Protective Services**  and   does 1 to 20, plaintiffs' constitutional and

3  federal rights were violated, including but not limited to unreasonable

4  search and seizure and race discrimination/unequal treatment under the

5  4th and 14th amendments to the United States Constitution and Section

6  1983 of Title 42 of the United State Code.  The conduct of defendants

7  includes but is not limited to that set forth above.  Including but not limited

8  to unlawful detention and arrest of plaintiffs; unlawful search of plaintiff

9  Marcus; unlawful search of the home of plaintiffs, including unreasonable

10 search; unlawful seizure of property. Further, some of the above officers

11 were supervisors or had supervisor authority.

12

13     As a result of such violations, plaintiffs suffered damages all accordingly

14 to proof at trial.

15                                VI

16                    Second Cause Action
                    Constitutional Violations
17              Under Title 42 Sections 1983

18

19     Plaintiff realleges the allegations set forth in paragraphs I to IV.

20     On or about October 18, 2007, as a result of the unlawful conduct of the

21 defendant officers--including but not limited to   **Frederick Schiff; Pat**

22 **Young; Garcia** and **K. McArthur; Personal Protective Services** and

23 does 1 to 20, plaintiffs' constitutional and federal rights were violated,

24 including but not limited to unreasonable search and seizure and race

25 discrimination/unequal treatment under the 4th and 14th amendments to

26 the United States Constitution and Section 1983 of Title 42 of the United

27 State Code.  The conduct of defendants includes but is not limited to that

28 set forth above.  Further, some of the above officers were supervisors or

6

1  had supervisor authority.

2      Further defendant officers Wong, #2038; Mariano #2191; Parker,

3  #131; Cathey, #1090; Hallisy, #794 and Rodriquez, #1976, Jack Nyce

4  and Jackson, #275   continued the unlawful detention of plaintiff Marcus

5  Landry.

6

7

8                              VII
                    Third Cause of Action
9                  SUPERVISOR LIABLITY
                  Constitutional Violations
10                 Under Title 42 Sections 1983

11

12      Plaintiffs reallege the allegations set forth in paragraphs 1 to IV.

13      **Heather Fong** is the Chief of police.  As a result of her, as well as other

14  defendants', failure to supervise, train, and implement policies and

15  otherwise properly supervise defendants, the plaintiffs were unreasonably

16  seized and searched, all in violation of plaintiffs' constitutional and federal

17  rights, including but not limited to unreasonable search and seizure and

18  race discrimination/unequal treatment under the 4th and 14th Amendments

19  to the United States Constitution and Section 1983 of Title 42 of the United

20  State Code.

21      Further, there were no policies or procedures or inadequacy policies and

22  procedures to prevent the unreasonably seizure and search of the plaintiffs

23  herein.

24      As a result of such violations, plaintiffs suffered damages all accordingly

25  to proof at trial.

26

27

28

                               7

## VIII
### Fourth Cause of Action
#### Monell liability
#### Constitutional Violations
#### Under Title 42 Sections 1983

Plaintiffs reallege the allegations set forth in paragraphs I to IV.

Defendant **City and County of San Francisco** and defendant **Personal Protective Services** has a policy, practice or custom of unreasonably detaining, searching person and persons of color/or unequal treatment.

As a result of such unlawful and unreasonable conduct, plaintiffs' constitutional and federal rights, all in violation of Section 1983 of Title 42 of the United States Code as well as the 4th and 14th Amendments to the United States Constitution.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

## IX

### Fifth Cause of Action: Negligent
### Infliction of Emotional Distress

Plaintiffs incorporate the allegations of paragraphs I to IV.

The conduct of the defendants and each of them was unreasonable and negligent and outrageous

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.

X
Sixth Cause of Action: Intentional
Infliction of Emotional Distress

Plaintiffs incorporate the allegations of paragraphs I to IV.

The conduct of the defendants and each of them was unreasonable.

Defendants conduct was outrageous and intentional or in reckless disregard of the probability of causing harm.

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.


XI
Seventh Cause of Action:
False Arrest/False Imprisonment

Plaintiffs incorporate the allegations of paragraphs I to IV.

The defendants', including but not limited to **Frederick Schiff, Callaway, McCall, Palma, Pete Rodriguez, Rene Garcia,** and their **employers,** detention and/or arrest and false imprisonment of plaintiffs on or about October 16, 2007 was unreasonable. The detention and arrest was both unreasonably and without reasonable suspicion and without probable cause.

As a result of such unlawful and unreasonable conduct, plaintiffs suffered damages all according to proof at trial.

XII
Eighth Cause of Action:
False Arrest/False Imprisonment

Plaintiff Marcus Landry incorporates the allegations of paragraphs I

9

to IV.

The defendants', including but not limited to **Frederick Schiff, Rene Garcia, K. McArthur, Pat Young and their employers,** detention and/or arrest and false imprisonment of plaintiff on or about October 18, 2007 was unreasonable. The detention and arrest was both unreasonably and without reasonable suspicion and without probable cause.

As a result of such unlawful and unreasonable conduct, plaintiff suffered damages all according to proof at trial.


XIII
Ninth Cause of Action:
Violation of Section 52.1
Of the Civil Code


Plaintiffs incorporate the allegations of paragraphs I to III.

Defendants, including but not limited to **Frederick Schiff, Callaway, McCall, Palma, Pete Rodriguez, Rene Garcia,** violated the state and federal rights of the plaintiffs on or about October 16, 2007, including but not limited to those secured by both the state and United States Constitutions. Such rights were violated, or interfered with, through the use of, or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to, the right to be free from excessive force and reasonable seizures and searches, discrimination based on race.

As a result of such conduct, plaintiffs suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

## XIV

### Tenth Cause of Action:
### Violation of Section 52.1
### Of the Civil Code

Plaintiff Marcus Landry incorporates the allegations of paragraphs I to IV.

Defendants, including but not limited to **Frederick Schiff, Pat Young, Rene Garcia and K. McArthur,** violated the state and federal rights of the plaintiffs on or about October 18, 2007, including but not limited to those secured by both the state and United States Constitutions. Such rights were violated, or interfered with, through the use of, or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to, the right to be free from excessive force and reasonable seizures and searches, discrimination based on race.

As a result of such conduct, plaintiff suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

## XV

### Eleventh   Cause of Action:
### Injunctive Relief

Plaintiffs incorporate the allegations of paragraphs I to IV.

Defendant City and County of San Francisco is municipal corporation duly organized under the law of the state of California and is empowered to enforce the state laws within its jurisdiction.

11

Defendant Police Chief Fong is responsible for the enforcement of the laws within the jurisdiction of the City and County of San Francisco.

Said defendants allow persons to be arrested, seized, searched and detained without reasonably suspicion who are on probation, all in violation of the United States Constitution.

Plaintiffs were unreasonably  seized, searched or detained  as a result of the unconstitutional practice.   Such conduct violates state and federal rights, including but not limited to her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Unless defendants are restrained by injunction to not unreasonably arrest, seize,  and search  such persons  without reasonably suspicion, plaintiffs will continue to suffer severe, irreparable harm in that plaintiffs may again be unlawfully and unreasonably  arrested, seized, searched pursuit to the unconstitutional policy of the City and County of San Francisco.

Plaintiffs have no adequate remedy at law because monetary damages will not afford adequate relief for the unlawful and unconstitutional search and seizure of the plaintiffs and deprivation of constitutional rights.


XVI
Twelfth Cause of Action:
Declaratory Relief


Plaintiffs incorporate the allegations of paragraphs I to IV.

An actual controversy has arisen and now exists between plaintiffs and defendants regarding the rights and duties of the defendants as plaintiffs contend that the practices of the defendants are unconstitutional.   Said practices include but are not limited to unreasonably searching and seizing

persons on probation without reasonable suspicion and in violation of the 4th and 14th amendments to the United States Constitution.

   Plaintiffs desire a declaration as to the unconstitutional practices of the defendants.

WHEREFORE, plaintiffs request that this court award

a. Compensatory damages according to proof at trial.

b. Civil Penalty according to proof at trial.

c. Punitive damages according to proof at trial

d. Injunction and Declaratory Relief according to proof at trial, including preliminary injunctive relief.

e. Costs of suit and attorney fees

f. Such other and further relief as this Court may deem proper

<u>Demand for Jury Trial</u>

   Plaintiffs hereby demand a jury trial.

DATED: 7/25/08

_____
Gregory M. Haynes
Attorney for Plaintiffs

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | DANIEL ZAHEER, State Bar #237118
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Sixth Floor
5 | San Francisco, California 94102-5408
Telephone:    (415) 554-3822
6 | Facsimile:    (415) 554-3837
E-Mail:    daniel.zaheer@sfgov.org
7

ENDORSED
F I L E D
Superior Court of California,
County of San Francisco.

AUG 7 - 2008

GORDON PARK-LI, Clerk
BY: ___ELIZABETH ZALDIVAR___
Deputy Clerk

8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
9 | AND HEATHER FONG (IN HER OFFICIAL CAPACITY)

10

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | COUNTY OF SAN FRANCISCO

13 | UNLIMITED JURISDICTION

14 | Marcus Landry and Daniel Landry,

Plaintiffs,

15

16 | vs.

17 | City and County of San Francisco;
Heather Fong; Frederick Schiff; Callaway,
#360; McCall, #901; Palma, #841;
18 | Personal Protective Services; Pete
Rodriguez; Rene Garcia; Pat Young; Jack
19 | Nyce; Garner, #186; K. McArthur; Wong,
#2038; Mariano, #2191; Parker, #121;
20 | Cathey, #1090; Hallisy, #1794;
Rodriguez, #1976; Jackson, #275, and
21 | Does 1 to 100,

22 | Defendants.

Case No. 477-923

**ANSWER OF DEFENDANTS CITY
AND COUNTY OF SAN FRANCISCO
AND HEATHER FONG (IN HER
OFFICIAL CAPACITY) TO
PLAINTIFFS' COMPLAINT**

Date Action Filed:    July 25, 2008
Trial Date:    None set

23

24

25 |     Defendants City and County Of San Francisco and Heather Fong (in her official capacity as

26 | Chief of the San Francisco Police Department) (the "Defendants"), respond to Plaintiffs' unverified

27 | First Amended Complaint ("complaint") as follows:

28

EXH. C

1    Pursuant to section 431.30 of the California Code of Civil Procedure, the Defendants deny

2    each and every allegation in the complaint.

3

4                        **SEPARATE AFFIRMATIVE DEFENSES**

5                        **FIRST AFFIRMATIVE DEFENSE**

6                              (Failure to State a Claim)

7    Plaintiffs fail to state facts sufficient to constitute a cause of action against these defendants.

8                        **SECOND AFFIRMATIVE DEFENSE**

9                              (Comparative Negligence)

10    Defendants allege by way of a plea of comparative negligence that plaintiffs were negligent

11    in and about the matters and activities alleged in the complaint; that said negligence contributed to

12    and was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause

13    thereof; and that if plaintiffs ire entitled to recover damages against these defendants, then

14    defendants pray that the recovery be diminished or extinguished by reason of the negligence of

15    plaintiffs in proportion to the degree of fault attributable to plaintiffs.

16                        **THIRD AFFIRMATIVE DEFENSE**

17                              (Contribution)

18    Defendants allege that the fault of persons other than these defendants contributed to and

19    proximately caused the occurrence; and under the principles formulated in the case of *American*

20    *Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of

21    California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, these defendants pray that the percentage

22    of such contribution be established by special verdict or other procedure, and that these defendants'

23    ultimate liability be reduced to the extent of such contribution.

24                        **FOURTH AFFIRMATIVE DEFENSE**

25                              (Statute of Limitations)

26    Defendants allege that the complaint and each and every cause of action therein is barred by

27    the statutes of limitations, including without limitation Government Code section 945.6 and

28    California Code of Civil Procedure section 335.1.

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate Damages)

3    Defendants allege that the complaint and each and every cause of action therein is barred

4 because plaintiffs failed to use reasonable diligence to mitigate their alleged damages, and said

5 failure bars or reduces the recovery, if any, from these answering defendants.

6

## SIXTH AFFIRMATIVE DEFENSE

7

### (Defendants' Acts Not A Proximate Cause)

8    Defendants state that any act or omission on the part of the answering defendants was not

9 the proximate cause of plaintiffs' alleged injuries.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### (Negligence of Third Parties - Equitable and Statutory Indemnity for Defendants)

12    Defendants state that plaintiffs' injuries were caused by the negligence or other act or

13 omission of third parties, and defendants are entitled to equitable and statutory indemnity from such

14 third parties.

15

## EIGHTH AFFIRMATIVE DEFENSE

16

### (Violation of Penal Code §834a)

17    Defendants allege that Plaintiff were under a duty pursuant to §834(a) of the California

18 Penal Code to refrain from using force to resist their detention and/or arrest; that Plaintiffs breached

19 this duty even though they knew or by the exercise of reasonable care should have known that they

20 were being detained and/or arrested by a police officer; and that as a direct result of Plaintiffs'

21 breach of this duty, Plaintiffs are barred from recovering any loss or damage they may have

22 incurred.

23

## NINTH AFFIRMATIVE DEFENSE

24

### (Failure to State A Claim Under *Monell*)

25    Defendants allege that the Complaint fails to state a federal civil rights claim against

26 Defendants under the doctrine announced in *Monell v. Dep't of Social Services*, 436 U.S. 658

27 (1978).

28

1

### TENTH AFFIRMATIVE DEFENSE

2

(Immunity - Barred by Tort Claims Act and Penal Code)

3

To the extent it attempts to state claims under California law, the complaint is barred by the

4

provisions and immunities of the California Tort Claims Act, without limitation:  Government Code

5

Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9;

6

820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822;

7

822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831;

8

831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2;

9

840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8;

10

854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6;

11

860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8; and California Penal Code

12

Sections 148, 409, 834a, 834, 835, 835a, 836, and 849.  Under California law, these defendants are

13

liable only pursuant to statute.

14

### ELEVENTH AFFIRMATIVE DEFENSE

15

(Failure to Comply With Claims Requirements—Presentation of All Claims)

16

Plaintiffs were required to present any and all state claims against the defendants in the form

17

of a timely government claim.  To the extent the complaint attempts to state any claims under

18

California law, the complaint fails to state a cause of action and is accordingly barred pursuant to

19

the California Government Code, including but not limited to Government Code Sections 905.2,

20

911.2 and 945.4.

21

### TWELFTH AFFIRMATIVE DEFENSE

22

(Equitable Defenses)

23

By reason of Plaintiff's own acts and omissions, Plaintiffs are barred by the equitable

24

doctrines of estoppel, laches, unclean hands, and waiver from seeking any recovery or injunctive

25

relief from Defendants by reason of the allegations set forth in Plaintiffs' complaint.

26

27

28

n:\lit\li2008\090145\00501495.doc

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

(No Punitive Damages)

3

Defendants are immune from liability for exemplary damages herein pursuant to the

4

provisions of Section 818 of the California Government Code and federal law.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6

(Violation of Penal Code)

7

Defendants allege that Plaintiffs violated certain provisions of the California Penal Code,

8

and that Plaintiffs voluntarily assumed all risks, responsibility and liability for the injuries which

9

were the natural and probable result of violating the California Penal Code.

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11

(Careless, Reckless, Wanton and Negligent Acts)

12

At all times mentioned in the complaint, the plaintiffs acted in a careless, reckless, wanton

13

and negligent manner in and about the matters set forth in the complaint; such careless, reckless,

14

wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained

15

or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

16

## SIXTEENTH AFFIRMATIVE DEFENSE

17

(Release)

18

Plaintiffs have released defendants of liability.

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

20

(Frivolous Action)

21

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby

22

entitling the defendants to sanctions and appropriate remedies (including without limitation

23

attorneys' fees) against plaintiffs.

24

## EIGHTEENTH AFFIRMATIVE DEFENSES

25

(Probable Cause)

26

Defendants had reasonable and/or probable cause to detain, restrain and/or arrest Plaintiffs.

27

28

5

n:\lit\li2008\090145\00501495.doc

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

(Qualified Immunity)

3    Defendants allege that the action complained of are protected by the doctrine of qualified

4    immunity as set forth in *Anderson v. Creighton*, 107 S.Ct. 3034 (1984), and related cases.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6

(Self-Defense and Defense of Others)

7    Defendants alleges that if in fact any force was used against plaintiffs, such force was the

8    lawful exercise of the right of self-defense and defense of the public, and any recovery pursuant to

9    said use of force is barred.

10

## ADDITIONAL AFFIRMATIVE DEFENSES

11    Defendants presently have insufficient knowledge or information on which to form a belief

12    as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve the

13    right to assert additional defenses in the event that discovery indicates that they would be

14    appropriate.

15    WHEREFORE, defendant prays for judgment as follows:

16    1.  That plaintiffs take nothing from defendants;

17    2.  That the complaint be dismissed with prejudice;

18    3.  That defendants recover costs of suit herein, including attorneys' fees; and

19        For such other relief as is just and proper.

20    Dated:  August 7, 2008

21                                                    DENNIS J. HERRERA
22                                                    City Attorney
                                                     JOANNE HOEPER
23                                                    Chief Trial Deputy
                                                     DANIEL A. ZAHEER
24                                                    Deputy City Attorney

25

                                              By: /s/
26                                                    DANIEL A. ZAHEER

27                                                    Attorneys for Defendant CITY AND COUNTY OF
                                                     SAN FRANCISCO
28

1

**PROOF OF SERVICE**

2          I, Pamela Cheeseborough, declare as follows:

3          I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

4

5          On August 7, 2008, I served the following document(s):

6          **ANSWER OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND HEATHER FONG (IN HER OFFICIAL CAPACITY) TO PLAINTIFFS' COMPLAINT**

7    on the following persons at the locations specified:

8    Gregory M. Haynes, Esq.
2443 Fillmore, #194
9    San Francisco, CA 94115
tele: (415) 546-0777
10   fax: (650) 755-1563
[Counsel for Plaintiff]

11

in the manner indicated below:

12

☒          **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies
13          of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
             with the United States Postal Service. I am readily familiar with the practices of the San Francisco City
14          Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s)
             that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
15          same day.

16   ☐          **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed
             envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
17          messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☐ will
             **be filed separately with the court.**

18   ☐          **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed
19          envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am
             readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries.
20          In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a
             courier the same day.

21

☐          **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true
22          and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons
             and the fax numbers listed above. The fax transmission was reported as complete and without error. The
23          transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission
             report** ☐ **is attached or** ☐ **will be filed separately with the court.**

24

25          I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

26          Executed August 7, 2008, at San Francisco, California.

27                                                                    _Mary Martin_

28                                                                    Mary Martin

CCSF'S ANSWER; CASE NO. 477-923                                          n:\lit\li2008\090145\00501495.doc

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  DANIEL ZAHEER, State Bar #237118
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3822
6  Facsimile:    (415) 554-3837
   E-Mail:        daniel.zaheer@sfgov.org
7
8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

AUG 7 – 2008

GORDON PARK-LI, Clerk
BY: _____ELIZABETH ZALDIVAR_____
                        Deputy Clerk

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                COUNTY OF SAN FRANCISCO

12                UNLIMITED JURISDICTION

13  Marcus Landry and Daniel Landry,

14            Plaintiffs,

15        vs.

16  City and County of San Francisco;
    Heather Fong; Frederick Schiff; Callaway,
17  #360; McCall, #901; Palma, #841;
    Personal Protective Services; Pete
18  Rodriguez; Rene Garcia; Pat Young; Jack
    Nyce; Garner, #186; K. McArthur; Wong,
19  #2038; Mariano, #2191; Parker, #121;
    Cathey, #1090; Hallisy, #1794;
20  Rodriguez, #1976; Jackson, #275, and
    Does 1 to 100,
21
            Defendants.
22

Case No. 477-923

**DEMAND FOR TRIAL BY JURY OF
DEFENDANT CITY AND COUNTY OF
SAN FRANCISCO**

Date Action Filed:    July 25, 2008
Trial Date:             None set

23
24        Defendant City and County of San Francisco hereby demands a trial by jury in the above

25  captioned matter.

26
27
28

1

Dated:  August 7, 2008

1

2                                    DENNIS J. HERRERA
                                     City Attorney
3                                    JOANNE HOEPER
                                     Chief Trial Deputy
4                                    DANIEL A. ZAHEER
                                     Deputy City Attorney
5

6                          By: _____
                                     DANIEL A. ZAHEER
7

8                                    Attorneys for Defendant CITY AND COUNTY OF
                                     SAN FRANCISCO
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF'S DEMAND FOR TRIAL BY JURY; CASE NO. 477-923                        n:\lit\li2008\090145\00501498.doc

1

**PROOF OF SERVICE**

2        I, Mary Martin, declare as follows:

3        I am a citizen of the United States, over the age of eighteen years and not a party to the
above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza
4    Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

5        On August 7, 2008, I served the following document(s):

6    **DEMAND FOR TRIAL BY JURY OF DEFENDANT CITY AND COUNTY OF SAN
FRANCISCO**

7    on the following persons at the locations specified:

8    Gregory M. Haynes, Esq.
2443 Fillmore, #194
9    San Francisco, CA  94115
tele:  (415) 546-0777
10   fax:  (650) 755-1563
[Counsel for Plaintiff]

11   in the manner indicated below:

12   ☒    **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies
13        of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City
14        Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s)
that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
15        same day.

16   ☐    **BY PERSONAL SERVICE**:  I sealed true and correct copies of the above documents in addressed
envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
17        messenger service.  A declaration from the messenger who made the delivery ☐ is attached or ☐ will
be filed separately with the court.

18   ☐    **BY OVERNIGHT DELIVERY**:  I sealed true and correct copies of the above documents in addressed
19        envelope(s) and placed them at my workplace for collection and delivery by overnight courier service.  I am
readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries.
20        In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a
courier the same day.

21   ☐    **BY FACSIMILE**:  Based on a written agreement of the parties to accept service by fax, I transmitted true
22        and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons
and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The
23        transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission
report** ☐ is attached or ☐ will be filed separately with the court.

24        I declare under penalty of perjury pursuant to the laws of the State of California that the
25   foregoing is true and correct.

26        Executed August 7, 2008, at San Francisco, California.

27                                          _____
                                           Mary Martin
28

3

DEF'S DEMAND FOR TRIAL BY JURY; CASE NO. 477-923                    n:\lit\li2008\090145\00501498.doc

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   DANIEL ZAHEER, State Bar #237118
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Sixth Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3822
6   Facsimile:    (415) 554-3837
    E-Mail:       daniel.zaheer@sfgov.org
7

8   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO
9

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

AUG 7 – 2008

GORDON PARK-LI, Clerk
BY: ____ELIZABETH ZALDIVAR____
Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SAN FRANCISCO

12                       UNLIMITED JURISDICTION

13   Marcus Landry and Daniel Landry,            Case No. 477-923

14              Plaintiffs,                       **DEFENDANT CITY AND COUNTY OF
                                                  SAN FRANCISCO'S OBJECTION TO
15        vs.                                     COURT COMMISSIONER ACTING
                                                  AS JUDGE PRO-TEMPORE AT
16   City and County of San Francisco;           TRIAL PURSUANT TO LOCAL RULE
     Heather Fong; Frederick Schiff; Callaway,   6.0(C)**
17   #360; McCall, #901; Palma, #841;
     Personal Protective Services; Pete          Date Action Filed:    July 25, 2008
18   Rodriguez; Rene Garcia; Pat Young; Jack     Trial Date:           None set
     Nyce; Garner, #186; K. McArthur; Wong,
19   #2038; Mariano, #2191; Parker, #121;
     Cathey, #1090; Hallisy, #1794;
20   Rodriguez, #1976; Jackson, #275, and
     Does 1 to 100,
21
                Defendants.
22

23

24        TO ALL PARTIES, TO THEIR ATTORNEYS OF RECORD AND TO THE COURT:

25        PLEASE TAKE NOTICE that, pursuant to Uniform Local Rule 6, Defendant City and

26   County of San Francisco hereby object to a Court Commissioner acting as a Judge Pro Tempore for

27   the purposes of presiding over the trial in the above-captioned case. At this time, defendants will

28   not stipulate to a Court Commissioner acting as a Judge Pro Tempore for the purposes of presiding

1

1  over the trial. Defendants, however, reserve the right to consider this option and to enter such a

2  stipulation at a later time.

3  Dated:  August 7, 2008

4                                          DENNIS J. HERRERA
5                                          City Attorney
                                           JOANNE HOEPER
6                                          Chief Trial Deputy
                                           DANIEL A. ZAHEER
7                                          Deputy City Attorney

8
                                    By: _____
9                                          DANIEL A. ZAHEER

10                                         Attorneys for Defendant CITY AND COUNTY OF
                                           SAN FRANCISCO
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CCSF'S RULE 6 OBJECTION; CASE NO. 477-923                               n:\lit\li2008\090145\00501496.doc

1

**PROOF OF SERVICE**

2

I, Mary Martin, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza

4

Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

5

On August 7, 2008, I served the following document(s):

6

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OBJECTION TO COURT COMMISSIONER ACTING AS JUDGE PRO-TEMPORE AT TRIAL PURSUANT TO**

7

**LOCAL RULE 6.0(C)**

8

on the following persons at the locations specified:

9

Gregory M. Haynes, Esq.
2443 Fillmore, #194

10

San Francisco, CA 94115
tele: (415) 546-0777

11

fax: (650) 755-1563
[Counsel for Plaintiff]

12

in the manner indicated below:

13

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies

14

of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City

15

Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that

16

same day.

17

☐    **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed

18

envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the court.**

19

20

☐    **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am

21

readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

22

☐    **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true

23

and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The

24

transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

25

I declare under penalty of perjury pursuant to the laws of the State of California that the

26

foregoing is true and correct. Executed August 7, 2008, at San Francisco, California.

27

Mary Martin

28

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
# 415.522.2000

**www.cand.uscourts.gov**

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the underlined complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm**. Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

1.     The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.     The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.     Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.     After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.     If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope **"FOR MESSENGER PICK UP BY:  (NAME, FIRM) ."** Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.     A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.     Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## EDWARD M. CHEN

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

Defendant(s).

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated:                                         Signature

Counsel for
(Plaintiff, Defendant, or indicate "pro se")

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# E-filing

MARCUS LANDRY,

Plaintiff (s),

v.

CITY AND COUNTY OF SAN
FRANCISCO,

Defendant(s).

No. **C 08-03791 EMC**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

ORIGINAL
FILED
AUG 7 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 8/7/2008 | Notice of removal filed | |
| 10/22/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| 11/5/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 11/12/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom C,15th Floor,SF at 1:30 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**A.    STANDING ORDER RE MOTIONS AND CONFERENCES**

1.    Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.    Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.    In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.    All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.    Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.    **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's**

Office that has already been filed electronically. A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed. With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7.    The Court can no longer supply a court reporter. If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

## B.    STANDING ORDER RE DISCOVERY DISPUTES

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8.    Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9.    Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10.    Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

## PRODUCTION OF DOCUMENTS

11.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.    In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.    To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.    As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.     Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.     Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.

copy.

_____

Edward M. Chen
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

ORIGINAL

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
{see attachment}

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Marcus Landry and Daniel Landry

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State Of California<br>City and County of San Francisco<br>400 McAllister Street, Room 103, S.F., CA | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-08-477923 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory M. Haynes, Esq.         SB# 111574
2443 Fillmore, #194, S.F., CA 94115
(415) 546-0777

| DATE:<br>*(Fecha)* | JUL 25 2008 | Gordon Park-Li | Clerk, by<br>*(Secretario)* | P. NATT | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXH. "B"

**Attachment**

City and County of San Francisco,
Heather Fong; Frederick Schiff;
Callaway, # 360; McCall, #901;
Palma, # 841; Personal Protective Services;
Pete Rodriguez; Rene Garcia; Pat Young;
Jack Nyce; Garner, #186; K. McArthur; Wong, #2038;
Mariano, #2191; Parker, #121, Cathey, #1090,
Hallisy, # 794; Rodriguez, #1976;  Jackson, # 275
and Does 1 to 100

    Defendants

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

GREGORY M HAINES ~~ESQ~~ — ~~FALSELY~~ SB#111574
2443 FILLMORE, #194
S.F. CA 94115

TELEPHONE NO.: (415) 546-0772    FAX NO.:

ATTORNEY FOR (Name): PLAINTIFFS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McALLISTER ST, CA 94115
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME: LANDRY V CCSF

**F I L E D**
San Francisco County Superior Court

JUL 25 2008

GORDON PARK-LI, Clerk
BY: Param Natt
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | ~~CGC-08-477923~~<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action (specify): 12
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7-25-08

GREGORY M HAINES
(TYPE OR PRINT NAME)        ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

1   Gregory M. Haynes, Esq.
2   SBN: 111574
    2443 Fillmore, #194
3   San Francisco, CA 94115
4   (415) 546-0777
5
    Attorney for Plaintiffs
6   Marcus Landry and Daniel Landry
7
8            SUPERIOR COURT OF THE STATE OF CALIFONIRA
9                  CITY AND COUNTY OF SAN FRANCISCO

10  Marcus Landry and Daniel Landry,      Action No.  CGC-08-477923
11                                        Violation of 42 Section 1983:
12          Plaintiffs,                   Search and Seizure; Equal
                                          Treatment
13                                        Supervisory Liability; Monell
14  V.                                    Liability;   Battery; False Arrest/
15                                        Imprisonment; Intentional and
                                          Negligent Infliction of Emotional
16                                        Distress; Violation of Sections 51-
17                                        52.1 of the Civil Code; Injunctive and
                                          Declaratory Relief
18
19  City and County of San Francisco;
20  Heather Fong; Frederick Schiff;
    Callaway, # 360; McCall, #901;
21  Palma, # 841; Personal Protective Services;
22  Pete Rodriguez; Rene Garcia; Pat Young;
    Jack Nyce; Garner, #186; K. McArthur; Wong, #2038;
23  Mariano #2191; Parker #121, Cathey, #1090,
24  Hallisy, # 794; Rodriguez, #1976;  Jackson, # 275
    and Does 1 to 100
25
26          Defendants
27  _____/
28

                           SUMMONS ISSUED
                              FILED
                    San Francisco County Superior Court

                           JUL 25 2008

                    GORDON PARK-LI, Clerk
                    BY: _____
                                    Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 26 2008 -9:00 AM

DEPARTMENT 212

1

I

Plaintiffs in this matter are Marcus Landry and Daniel Landry  who complains of defendants and each of them as follows:

II

Defendants  **Frederick Schiff; Callaway, #360; McCall, #901; Palma, #841;  Wong, #2038; Mariano #2191; Parker, #131; Cathey, #1090; Hallisy, #794;  Rodriquez, #1976; Jack Nyce;  and Jackson, #275** were all employees of the City and County of San Francisco and were police officers at all times herein mentioned and were acting under color of law.  Defendant **Pat Young** and Garner, #186 were  employees of the City and County of San Francisco and  probation officers  at all times herein mentioned and was acting under color of law.

Defendant  **Heather Fong** was the Chief of Police of the City and County of San Francisco, an employee of the City and County of San Francisco and was acting  under color of law at all times herein mentioned.

Defendants **Pete Rodriguez, Rene Garcia** and **K. McArthur** were employees of Personal Protective Services at all times herein mentioned.

Defendant **Personal Protective Services,** form unknown, does business in the state of California.

Plaintiff is unaware of the true names of does 1 to 100 and therefore sues such person by such fictitious names.  Upon learning the true names of such persons, plaintiff will so name such defendants.

Each of the defendants was acting as the agent for the other.

Defendant **City and County of San Francisco** is a public entity.

Plaintiffs have complied with the claims statute.

2

## III

On or about October 16, 2007 plaintiff Marcus, was stopped on property of Marcus Garvey Square area by defendant private security officers **Pete Rodriguez** and **Rene Garcia**.   The stop was unreasonable. Further, officer P. **Rodriguez** attempted to take keys, without justification, from the hand of plaintiff Marcus.    Upon taking such keys, **Rodriguez** then unreasonably opened a container attached to the keys.

Objecting to the unreasonably conduct of Officer Rodriguez, plaintiff took the keys back from the officer and attempted returned to his home.

Officers **Rodriguez** and **Garcia** then surrounded the home of Marcus so as to prevent his exist of the home.  The officers further called the police, and requested them to enter the house and search for any illegal substances.

Defendant San Francisco police officers Sgt. **Callaway**, #360 and Sgt. **Schiff** arrived on the scene.

Upon arriving on the scene, Sgt **Schiff** advised Marcus, a minor, that he was on probation and as a result he was obliged to permit a search of his person and home.

**Rodriguez** had described the container as containing contraband.

After threatening to enter by building by force with the assistance of the San Francisco Fire Department, Marcus exited his father's home.  He was searched by officer **Schiff**.  Schiff found  Marcus's  keys and the container, which **Rodriguez**—who was nearby—identified as the keys and container he had previously identified.

**Schiff** searched the container which was empty.  **Schiff** claims it smelled of marijuana.

Marcus, a minor, lived at the residence of his father, Daniel Landry. Plaintiff Daniel Landry arrived at his home and objected to the house being searched, and was detained and not permitted in the house while the house was searched.

Marcus was detained and Schiff entered the home, over the objections of plaintiffs including Daniel Landry, with other officer and searched the home. Plaintiff Daniel Landry was also detained and not permitted to enter the home.

Defendant Schiff removed from the house a notebook he indicates he found in a closet near the living area of Marcus and a newspaper article located in a drawer next to bed of Marcus.

Defendant Schiff called the duty probation officer, Officer Garner, #186. Defendant Garner advised Schiff to make a report of what occurred and forward it to probation officer Young for further action.

Defendant Schiff then released Marcus, who was detained in a police vehicle and did not return the items he took.

IV

On or about October 18, 2008, plaintiff Marcus Landry was sitting in a parked car. Defendant private protective Officer **Rene Garcia** saw plaintiff in the parked car. Defendant Garcia then ordered plaintiff to get out of the car. Plaintiff got out of the car and defendant **Garcia** used unreasonable force to detain him. Further, the detention was without probable cause and unreasonable.

Defendant private protective officer **K. McArthur** detained plaintiff with defendant Garcia and assisted in the acts herein.

Defendant Garcia alleges that he detained plaintiff because plaintiff was on probation and was in violation of his 10:00p.m. curfew and that

4

1  Defendant Garcia was advised by defendants **Schiff** and **Pat Young**,

2  earlier in the day of October 18, 2008, if Garcia found plaintiff in violation of

3  his curfew, defendant Garcia should detain plaintiff and call the police so

4  that the police could arrest plaintiff. Defendants Schiff and Pat Young also

5  unreasonably escorted plaintiff home and unreasonably searched plaintiff's

6  home on October 18, 2008.

7      Upon detaining Marcus with excessive force, the San Francisco

8  Police Officers arrived, including but not limited to Officer Jackson, #275,

9  Officer Wong, # 2038, officer Mariano, #2191, officer Parker, # 131, officer

10  Cathey, #1090, officer Hallisy, #794 and officer Rodriquez, #1976, officer

11  Parker, #131 and Jack Nyce.

12

13      Said arriving officers, continued the unreasonable detention of the

14  plaintiff. The officers subsequently released Marcus Landry. The officers

15  allege that they attempted to contact defendant Schiff and the juvenile

16  probation, but were unable reach either.

17      Daniel Landry arrived at the scene while Marcus was being detained

18  and witnessed the unlawful conduct, including the detention and use of

19  excessive force.

20

21

22                          **V**

                    First Cause of Action

23                   Constitutional Violations

                  Under Title 42 Sections 1983

24

25  Plaintiffs reallege the allegations set forth in paragraphs I to IV.

26      On or about October 16, 2007, as a result of the unlawful conduct of the

27  defendant officers--including but not limited to defendants **Frederick**

28  **Schiff; Callaway, #360; McCall, #901; Palma, #841; Wong, #2038** and

5

Garner, #186;  private security officers **Rodriguez** and **Garcia; Personal Protective Services** and   does 1 to 20, plaintiffs' constitutional and federal rights were violated, including but not limited to unreasonable search and seizure and race discrimination/unequal treatment under the 4th and 14th amendments to the United States Constitution and Section 1983 of Title 42 of the United State Code.  The conduct of defendants includes but is not limited to that set forth above.  Including but not limited to unlawful detention and arrest of plaintiffs; unlawful search of plaintiff Marcus; unlawful search of the home of plaintiffs, including unreasonable search; unlawful seizure of property. Further, some of the above officers were supervisors or had supervisor authority.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

VI

Second Cause Action
Constitutional Violations
Under Title 42 Sections 1983

Plaintiff realleges the allegations set forth in paragraphs I to IV.

On or about October 18, 2007, as a result of the unlawful conduct of the defendant officers--including but not limited to    **Frederick Schiff; Pat Young; Garcia and K. McArthur; Personal Protective Services** and does 1 to 20, plaintiffs' constitutional and federal rights were violated, including but not limited to unreasonable search and seizure and race discrimination/unequal treatment under the 4th and 14th amendments to the United States Constitution and Section 1983 of Title 42 of the United State Code.  The conduct of defendants includes but is not limited to that set forth above.  Further, some of the above officers were supervisors or

6

had supervisor authority.

Further defendant officers Wong, #2038; Mariano #2191; Parker, #131; Cathey, #1090; Hallisy, #794 and Rodriquez, #1976, Jack Nyce and Jackson, #275   continued the unlawful detention of plaintiff Marcus Landry.

VII
Third Cause of Action
SUPERVISOR LIABLITY
Constitutional Violations
Under Title 42 Sections 1983

Plaintiffs reallege the allegations set forth in paragraphs 1 to IV.

**Heather Fong** is the Chief of police.  As a result of her, as well as other defendants', failure to supervise, train, and implement policies and otherwise properly supervise defendants, the plaintiffs were unreasonably seized and searched, all in violation of plaintiffs' constitutional and federal rights, including but not limited to unreasonable search and seizure and race discrimination/unequal treatment under the 4th and 14th Amendments to the United States Constitution and Section 1983 of Title 42 of the United State Code.

Further, there were no policies or procedures or inadequacy policies and procedures to prevent the unreasonably seizure and search of the plaintiffs herein.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

7

VIII
Fourth Cause of Action
Monell liability
Constitutional Violations
Under Title 42 Sections 1983

Plaintiffs reallege the allegations set forth in paragraphs I to IV.

Defendant **City and County of San Francisco** and  defendant **Personal Protective Services** has a policy, practice or custom of unreasonably detaining, searching person and persons of color/or unequal treatment.

As a result of such unlawful and unreasonable conduct,  plaintiffs' constitutional and federal rights, all in violation of Section 1983 of Title 42 of the United States Code as well as the   4th and 14th Amendments to the United States Constitution.

As a result of such violations, plaintiffs suffered damages all accordingly to proof at trial.

IX

Fifth Cause of Action: Negligent
Infliction of Emotional Distress

Plaintiffs incorporate the allegations of paragraphs I to IV.

The conduct of the defendants and each of them was unreasonable and negligent and outrageous

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.

## X
## Sixth Cause of Action: Intentional
## Infliction of Emotional Distress

Plaintiffs incorporate the allegations of paragraphs I to IV.

The conduct of the defendants and each of them was unreasonable.

Defendants conduct was outrageous and intentional or in reckless disregard of the probability of causing harm.

As a result of such conduct, plaintiff suffered severe emotional distress all according to proof at trial.


## XI
## Seventh Cause of Action:
## False Arrest/False Imprisonment

Plaintiffs incorporate the allegations of paragraphs I to IV.

The defendants', including but not limited to **Frederick Schiff, Callaway, McCall, Palma,  Pete Rodriguez,  Rene Garcia,  and their employers,** detention and/or arrest and false imprisonment  of plaintiffs on or about October 16, 2007  was unreasonable. The detention and arrest was both unreasonably and without reasonable suspicion and without probable cause.

As a result of such unlawful and unreasonable conduct, plaintiffs suffered damages all according to proof at trial.

## XII
## Eighth Cause of Action:
## False Arrest/False Imprisonment

Plaintiff Marcus Landry incorporates the allegations of paragraphs I

9

to IV.

The defendants', including but not limited to **Frederick Schiff, Rene Garcia, K. McArthur, Pat Young and their employers,** detention and/or arrest and false imprisonment of plaintiff on or about October 18, 2007 was unreasonable. The detention and arrest was both unreasonably and without reasonable suspicion and without probable cause.

As a result of such unlawful and unreasonable conduct, plaintiff suffered damages all according to proof at trial.


XIII
Ninth Cause of Action:
Violation of Section 52.1
Of the Civil Code


Plaintiffs incorporate the allegations of paragraphs I to III.

Defendants, including but not limited to **Frederick Schiff, Callaway, McCall, Palma, Pete Rodriguez, Rene Garcia,** violated the state and federal rights of the plaintiffs on or about October 16, 2007, including but not limited to those secured by both the state and United States Constitutions. Such rights were violated, or interfered with, through the use of, or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to, the right to be free from excessive force and reasonable seizures and searches, discrimination based on race.

As a result of such conduct, plaintiffs suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

### XIV

Tenth Cause of Action:
Violation of Section 52.1
Of the Civil Code

Plaintiff Marcus Landry incorporates the allegations of paragraphs I to IV.

Defendants, including but not limited to **Frederick Schiff, Pat Young, Rene Garcia and K. McArthur,** violated the state and federal rights of the plaintiffs on or about October 18, 2007, including but not limited to those secured by both the state and United States Constitutions. Such rights were violated, or interfered with, through the use of, or attempted use of, threats, intimidation or coercion.

Such rights include but are not limited to, the right to be free from excessive force and reasonable seizures and searches, discrimination based on race.

As a result of such conduct, plaintiff suffered damages all according to proof at trial, including but not limited to those damages and civil penalty according to Section 52(a) and 52(b) of the Civil Code.

### XV

Eleventh  Cause of Action:
Injunctive Relief

Plaintiffs incorporate the allegations of paragraphs I to IV.

Defendant City and County of San Francisco is municipal corporation duly organized under the law of the state of California and is empowered to enforce the state laws within its jurisdiction.

Defendant Police Chief Fong is responsible for the enforcement of the laws within the jurisdiction of the City and County of San Francisco.

Said defendants allow persons to be arrested, seized, searched and detained without reasonably suspicion who are on probation, all in violation of the United States Constitution.

Plaintiffs were unreasonably seized, searched or detained as a result of the unconstitutional practice. Such conduct violates state and federal rights, including but not limited to her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

Unless defendants are restrained by injunction to not unreasonably arrest, seize, and search such persons without reasonably suspicion, plaintiffs will continue to suffer severe, irreparable harm in that plaintiffs may again be unlawfully and unreasonably arrested, seized, searched pursuit to the unconstitutional policy of the City and County of San Francisco.

Plaintiffs have no adequate remedy at law because monetary damages will not afford adequate relief for the unlawful and unconstitutional search and seizure of the plaintiffs and deprivation of constitutional rights.

XVI
Twelfth Cause of Action:
Declaratory Relief

Plaintiffs incorporate the allegations of paragraphs I to IV.

An actual controversy has arisen and now exists between plaintiffs and defendants regarding the rights and duties of the defendants as plaintiffs contend that the practices of the defendants are unconstitutional. Said practices include but are not limited to unreasonably searching and seizing

12

persons on probation without reasonable suspicion and in violation of the 4th and 14th amendments to the United States Constitution.

Plaintiffs desire a declaration as to the unconstitutional practices of the defendants.

WHEREFORE, plaintiffs request that this court award

a. Compensatory damages according to proof at trial.

b. Civil Penalty according to proof at trial.

c. Punitive damages according to proof at trial

d. Injunction and Declaratory Relief according to proof at trial, including preliminary injunctive relief.

e. Costs of suit and attorney fees

f. Such other and further relief as this Court may deem proper

<u>Demand for Jury Trial</u>

Plaintiffs hereby demand a jury trial.

DATED: 7/25/08

Gregory M. Haynes
Attorney for Plaintiffs