IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LANDRY AND DANIEL LANDRY, | Case No. 08-3791 SC |
| Plaintiffs, | ORDER GRANTING DEFENDANT RENE GARCIA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; HEATHER FONG; FREDERICK SCHIFF; CALLAWAY, #360; McCALL, #901; PLAMA, #841; PERSONAL PROTECTIVE SERVICES; PETE RODRIGUEZ; RENE GARCIA; PAT YOUNG; JACK NYCE; GARNER, #186; K. McARTHUR; WONG, #2038; MARIANO, #2191; PARKER, #121; CATHEY, #1090; HALLISY, #794; RODRIGUEZ, #1976; JACKSON, #275 and DOES 1 to 100, | |
| Defendants. | |

Defendant Rene Garcia ("Garcia") has moved this Court to dismiss, as to him alone, the Complaint filed by Marcus Landry and Daniel Landry ("Plaintiffs"). See Docket No. 44 ("Mot."). Through Counsel, he claims that he was never properly served with a summons in this matter, and therefore seeks dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Mot. at 2. The deadline to file an opposition to this Motion has passed, see Civil Local Rule 7-3, and Plaintiffs have failed to file any response to the Motion. At the time that the deadline expired, Defendants Personal Protective Services, Inc. ("PPS"), Kevin McArthur, and Pete

1  Rodriguez notified this Court and Plaintiffs that Plaintiffs had
2  missed their deadline to file an opposition.  Docket No. 65.  More
3  than one week has passed without a response from Plaintiffs, and
4  the Court now rules on this Motion based on the Motion itself and
5  its accompanying memorandum.
6      Rule 12(b)(5) of the Federal Rules of Civil Procedure permits
7  a party to challenge the sufficiency of service.  "Once service is
8  challenged, plaintiffs bear the burden of establishing that service
9  was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th
10 Cir. 2004); see also Hayes v. Woodford, 444 F. Supp. 2d 1127, 1132
11 (S.D. Cal. 2006) ("Where the validity of service is contested, the
12 burden is on the plaintiff to prove proper service.").  The Court
13 "must" dismiss an action without prejudice, or order that service
14 be made within a specified time, if service is not completed within
15 120 days after a complaint is filed.  See Fed. R. Civ. P. 4(m).
16 The Court must extend the time to serve if the plaintiff can show
17 good cause for the delay.  Id.
18     Plaintiffs filed their Complaint for violations of 42 U.S.C. §
19 1983, battery, false arrest and other charges, on July 25, 2008.
20 See Notice of Removal, Docket No. 1, Ex. B ("Compl.").  Defendants
21 removed the matter to this Court on August 7, 2008.  See Notice of
22 Removal at 1.  Plaintiffs apparently attempted to serve Garcia
23 personally on four separate occasions on December 2 and December 4,
24 2008, at the address of 3980-A Beach Road, Burlingame, CA 94110.
25 See Docket No. 40 ("Aff. of Service of Summons") at 3.  Garcia was
26 not available.  Id.  The process server therefore left the summons
27 "with the person in charge. [Garcia's] employment was confirmed at
28 said location by the person in charge on both December 4th and

2

2nd."  Id.  The summons and Complaint were then mailed to the same address.  Id.

The Affidavit of Service clearly outlines an attempt to serve Garcia pursuant to Federal Rule of Civil Procedure 4(e) (allowing service by means authorized by state law) and California Code of Civil Procedure § 415.20, which allows for service by:

> leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

On its face, this Affidavit contains a number of deficiencies. First, it does not state that the "person in charge" was above eighteen years of age, nor does it state that he or she was informed of the contents of the summons.  Second, the address is incorrect, although Garcia's attorney concedes that it is "an approximation of the address of [PPS, Garcia's] former employer." Mot. at 3.[1]  Third, and more troubling, is the fact that Garcia apparently no longer worked for PPS at the time that the summons was left at its address.  His employment with PPS terminated on

---

[1] The address of PPS is 398-A Beach Road.  This is supported by a declaration submitted by Richard Dague, general manager of PPS, which was submitted in support of the Motion.  Docket No. 45 ("Dague Decl.") ¶ 2-3.

3

1  July 13, 2008.  Dague Decl. ¶ 4.  The summons was therefore not
2  left at Garcia's "usual place of business, or usual mailing
3  address."
4      Plaintiffs have not responded to this challenge to the
5  validity of service.  There are no submissions, evidence or
6  arguments before the Court that might support an inference of
7  proper service, except for the Affidavit itself.  This Affidavit
8  omits relevant facts, and rests upon the hearsay assertion that
9  Garcia's "employment was confirmed at said location by the person
10 in charge . . . ."  Aff. of Service of Summons at 3.  The Court
11 finds that Plaintiffs have not met their burden of establishing
12 valid service.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

Plaintiffs have not attempted to show good cause for the delay of service.  Defendants have previously raised the issue of service upon Garcia.  Docket No. 27 ("Defendants' May 26, 2009, Case Management Statement") at 2.  During a status conference that took place on May 29, 2009, Plaintiffs were given thirty (30) days to serve Garcia and file proofs of service with the Court (the inadequate Affidavit of Service was filed in just under thirty days after the status conference -- no explanation is given as to why Plaintiffs did not file any certification of service immediately after service was attempted in early December of 2008).  The Court finds that, under these circumstances, dismissal of the Complaint as to Defendant Rene Garcia is appropriate.  The Motion to Dismiss Defendant Rene Garcia is hereby GRANTED.

IT IS SO ORDERED.

Dated: October 6, 2009

_____
UNITED STATES DISTRICT JUDGE

5