United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCUS LANDRY AND DANIEL LANDRY,      )  Case No. 08-3791 SC
                                      )
            Plaintiffs,               )  ORDER DISMISSING ACTION
                                      )
            v.                        )
                                      )
CITY AND COUNTY OF SAN FRANCISCO;     )
HEATHER FONG; FREDERICK SCHIFF;       )
CALLAWAY, #360; McCALL, #901;         )
PLAMA, #841; PERSONAL PROTECTIVE      )
SERVICES; PETE RODRIGUEZ; RENE        )
GARCIA; PAT YOUNG; JACK NYCE;         )
GARNER, #186; K. McARTHUR; WONG,      )
#2038; MARIANO, #2191; PARKER,        )
#121; CATHEY, #1090; HALLISY,         )
#794; RODRIGUEZ, #1976; JACKSON,      )
#275 and DOES 1 to 100,               )
                                      )
            Defendants.               )
_____)

I.   **INTRODUCTION**

        Now before the Court is a Motion for Terminating Sanctions or
in the Alternative for Issue and Further Monetary Sanctions
("Motion") submitted by Defendant City and County of San Francisco
("San Francisco").  Docket No. 86.  Defendants Personal Protective
Services, Kevin McArthur, and Pete Rodriguez (collectively, "PPS")
seek to join in the Motion.  Docket No. 88 ("Joinder").  Plaintiffs
Marcus Landry and Daniel Landry ("Plaintiffs") have filed an
Opposition.  Docket No. 89.  San Francisco and PPS have filed

replies.  Docket Nos. 91 ("PPS Reply"), 92 ("SF Reply").  The
parties appeared before the Court for a hearing on Friday, April 9,
2010.  Having considered the submissions of all parties, as well as
the statements made at the hearing, the Court concludes that
terminating sanctions are appropriate and GRANTS the Motion.

**II.   BACKGROUND**

This Motion represents the last in a series of sanctions and
discovery-related orders issued against Plaintiffs and their
counsel, Gregory Haynes ("Haynes"), during the course of this
action.  San Francisco first moved for sanctions against Plaintiffs
on May 20, 2009, on the grounds that "plaintiffs have refused to
provide responses to defendants' interrogatories and document
requests and have refused to provide their initial disclosures."
Docket Nos. 23, 32.  On June 18, 2009, Magistrate Judge James
("Judge James"), the magistrate judge to whom discovery issues in
this matter have been referred, ordered Plaintiffs to provide
initial disclosures and respond to the interrogatories by June 26,
2009, but denied without prejudice San Francisco's request for
sanctions.  Docket No. 39.  Plaintiffs failed to comply with Judge
James' order, and failed to heed her rather explicit warning.

On June 30, 2009, San Francisco indicated in a letter to Judge
James that Plaintiffs had failed to meet the deadline for
compliance, and renewed their motion for sanctions.  Docket No. 41.
At some point, Plaintiffs did provide responses to Defendants'
interrogatories, but in their responses, Plaintiffs refused to
identify any incidents of arrest or detention besides those
described in the Complaint.  See Docket No. 75 ("Nov. 11, 2009

2

United States District Court
For the Northern District of California

1  Letter") Exs. 1 ("M. Landry Responses") at 2, 2 ("D. Landry

2  Responses") at 2-3.[1]  On July 30, 2009, Judge James issued an order

3  sanctioning Haynes in the amount of $1500 for his failure to comply

4  with her previous order.  Docket No. 52 ("First Sanction Order") at

5  2.  Payment of the sanctions was due by August 20, 2009.  Id.

6      Defendants deposed Marcus Landry on September 29, 2009.  Per

7  Haynes' advice, Marcus Landry refused to answer a number of

8  questions related to his prior incidents of detention by police.

9  See Nov. 11, 2009 Letter Ex. 3 ("M. Landry Dep. Excerpts") at 81-

10  88, 90-97.  Similarly, on October 1, 2009, Daniel Landry was

11  deposed, and he refused to answer similar questions upon the advice

12  of Haynes.  Id. Ex. 4 ("D. Landry Dep. Excerpts") at 106-07.

13      On September 8, 2009, San Francisco indicated to Judge James

14  that Haynes had still not paid the $1500 sanctions, and Judge James

15  issued an Order to Show Cause.  Docket Nos. 59, 61.  The show-cause

16  hearing was held on October 8, 2009, and Judge James ordered that

17  the sanctions increase by $100 per day for every day after November

18  12, 2009, that the sanctions remain unpaid.  Docket No.  70 ("Oct.

19  8 Order").  After the hearing, Haynes apparently engaged in an

20  altercation with counsel for San Francisco, Daniel Zaheer

21  ("Zaheer").  The incident report from Federal Protective Services

22  ("FPS") and the U.S. Marshal Field Report indicate that Haynes

23  repeatedly shouted profanity at Zaheer and the Inspectors who were

24  responding to the incident.  Mot. Exs. 15 ("FPS Incident Report")

25  at 3, 6; 16 ("Marshal Field Report") at 3.  When Haynes was asked

26  to leave, he "became assaultive towards the FPS officer," and was

---

[1] It is not clear when Defendants received these responses.  The
responses bare the date of June 30, 2009.  M. Landry Responses at
9; D. Landry Responses at 9.

1  "escorted out of the building without any physical contact."  FPS
2  Incident Report at 3, 6.

3       Because of the various ongoing discovery disputes, on October
4  22, 2009, this Court vacated the trial date of January 11, 2010.
5  Docket No. 74.  On November 11, 2009, San Francisco filed another
6  Motion to Compel with Judge James.  Nov. 11, 2009 Letter at 1.  The
7  city sought interrogatory answers related to Plaintiffs' prior
8  convictions, arrests, and police detentions, as well as answers to
9  deposition questions on the same topics.  Id.

10      While the latest motion to compel was pending before Judge
11 James, this Court held a status conference on November 20, 2009.
12 The Court questioned both Zaheer and Haynes about the altercation
13 that occurred after the October 8, 2009 show-cause hearing,[2] and
14 informed them that the behavior of both attorneys was intolerable.
15 See Docket No. 79 ("Minute Order").  The Court further informed the
16 parties that it would not allow additional fighting between the
17 attorneys and ordered them to take any future disagreements
18 directly to this Court for determination.  Id.  The parties were
19 explicitly warned that, should they fail to cooperate in the
20 future, the Court would consider terminating sanctions.

21      On December 28, 2009, Judge James granted San Francisco's most
22 recent motion to compel, and ordered Plaintiffs to comply with the
23 city's discovery requests related to Plaintiffs' prior convictions,
24 arrests, and police detentions.  Docket No. 83 ("Judge James'
25 Order").  Judge James also ordered Haynes to pay additional

26

27 [2] The Court also received a written account of the incident from
   Haynes.  Docket No. 80.  Even if this incident is interpreted in
28 the best possible light, it is clear that the attorneys, and Haynes
   in particular, acted in an inappropriate manner.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    sanctions of $835.  Id.  Haynes did not comply.  Haynes has not

2    provided this Court with an explanation for his decision to flout

3    Judge James' Order, however counsel for San Francisco has indicated

4    that Haynes offered the following justification for his failure:

5    Haynes claimed that this Court's November 20, 2009 Minute Order,

6    which ordered the parties to bring their disputes to this court for

7    ruling, deprived Judge James of her authority to rule upon the

8    discovery dispute that was already pending before her.  Docket No.

9    84 ("Mot. for Clarification") at 1-2.  The Court finds this

10   argument to be specious.  If Haynes actually believed that this

11   Court's Minute Order had cast any doubt of the legitimacy of Judge

12   James' subsequent ruling, he failed to notify this Court of this

13   belief, or to otherwise seek redress from the supposedly

14   unauthorized order.  He simply refused to provide the discovery

15   that Judge James had explicitly ordered him to provide.

16       On February 3, 2010, this Court dispelled any basis for

17   doubting the authority of Judge James' discovery order, by posting

18   an order clarifying its earlier Minute Order.  Docket No. 85

19   ("Clarification Order").  This Court stated that "[b]ecause Judge

20   James' Order addressed a dispute that was raised to her before this

21   Court's Minute Order, Judge James' Order is to have full force and

22   effect."  Id. at 2.  It added the following warning:  "In light of

23   the previous friction addressed by this Court, the parties are

24   reminded that the Court can and will issue sanctions, up to and

25   including dismissal of this action, should the parties' misconduct

26   and meritless disagreement continue."  Id.

27       On the day that this Court posted the Clarification Order,

28   Zaheer emailed Haynes with a suggested schedule for compliance with

**United States District Court**
For the Northern District of California

Judge James' Order, as the original schedule had long since lapsed. Mot. Ex. 17.  As far as this Court knows, Haynes did not provide a response, and Plaintiffs have not provided the discovery that had been ordered by Judge James or by this Court.[3]  Id.  Twenty-three days later, on February 26, 2010, San Francisco filed the Motion for terminating sanctions that is now before this Court.

### III. LEGAL STANDARD

In addition to the explicit statutory authority codified by Rule 37(b) of the Federal Rules of Civil Procedure, "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice."  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir. 1982)).  In determining whether to issue terminating sanctions, district courts must weigh the following five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d

---

[3] At the hearing, the Court confronted Haynes about an email in which he stated "I will not further respond."  Haynes explained that this was not a response to Zaheer's email of February 3, 2010, but was in fact a response related to an earlier dispute with Zaheer.  Nevertheless, Haynes did not indicate that he ever responded to Zaheer's reasonable request, and it remains undisputed that Plaintiffs have not complied with Judge James' Order.

1091, 1096 (9th Cir. 2007) (footnotes omitted).  "The list of
factors amounts to a way for a district judge to think about what
to do, not a series of conditions precedent before the judge can do
anything . . . ."  Valley Eng'rs v. Electric Eng'g Co., 158 F.3d
1051, 1057 (9th Cir. 1998).  Nevertheless, terminating sanctions
are only appropriate where "the losing party's noncompliance [is]
due to willfulness, fault, or bad faith."  Computer Task Group,
Inc. v. Brotby, 364 F.3d 1112, 1115 (quoting Payne  v. Exxon Corp.,
121 F.3d 503, 507 (9th Cir. 1997)).  "Disobedient conduct not shown
to be outside the control of the litigant is sufficient to
demonstrate willfulness, bad faith, or fault."  Hyde & Drath v.
Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).

**IV.  DISCUSSION**

Neither Plaintiffs' Opposition nor Haynes' statements at oral
arguments attempt to explain why Plaintiffs have failed to comply
with Judge James' most recent discovery order, or with this Court's
Clarification Order, which stated that Judge James' Order was to
have full force and effect.  Most of the Opposition focuses on
unrelated aspects of disputes that Haynes has had with Defendants'
attorneys, including allegedly "false allegations" made by
Defendants, the minutia of the apparent assault, details concerning
unrelated conflicts with the city's other attorneys, and San
Francisco's earlier reluctance to make a certain defense witness
available for deposition by Haynes.[4]  None of this excuses

---

[4] The Court is particularly dismayed by Plaintiffs' attempt to
divert this Court's attention by making hay out of an incident at a
deposition in which Zaheer allegedly "pushed [a] paper back at Mr.
Landry, hitting him."  Opp'n at 4.

**United States District Court**
For the Northern District of California

Plaintiffs' noncompliance with Judge James' Order.  While Haynes' repeated misconduct throughout this litigation serves to inform this Court regarding the severity of the sanction that is appropriate, and whether lesser sanctions may be futile, the current Motion addresses Plaintiffs' open and repeated refusal to comply with Judge James' Order of December 28, 2009, and this Court's later orders directing, in no uncertain terms, compliance with Judge James' Order.  Plaintiffs have not offered any satisfying basis for withholding sanctions for this willful violation.

Plaintiffs have offered only limited discussion of Judge James' Order, and most of this discussion focuses on the merits of the Order, rather than Plaintiffs' noncompliance.  Plaintiffs take issue with "this letter" -- presumably the letter sent by San Francisco to Judge James on November 11, 2009, which sought to compel the discovery that was later directed in Judge James' Order. Opp'n at 5-6.  Plaintiffs claim that there was no meet and confer "prior to seeking forth his letter," and that there "is no information needed that has not been provided at the deposition." Id. at 5.  However, Plaintiffs fail to establish that they have ever supplied the information that they were ordered to provide. Moreover, Plaintiffs had the opportunity to address the merits of San Francisco's motion to compel months ago, according to the procedure for addressing discovery disputes that Judge James set out in her earlier order of October 8, 2009.  See Oct. 8 Order at 1.  Plaintiffs' attempt to avoid sanctions by undermining the propriety of Judge James' Order must fail.  Judge James issued an Order, and the Court sees no reason, either in the record or in any

United States District Court
For the Northern District of California

1  of the flimsy or pretextual reasons now offered by Plaintiffs, for
2  disturbing it.

3       The Court now turns to the five-factor test outlined above to
4  determine whether dismissal of the this suit is an appropriate response
5  to Plaintiffs' willful misconduct.  Throughout this process, San
6  Francisco has continued to pursue, at public expense, information
7  that is immediately relevant to the damage element of Plaintiffs'
8  claims.  Consideration of the public interest clearly favors swift
9  dismissal of this action, given that lesser sanctions will likely
10 result in nothing more than additional delays, and additional
11 public expense.  This Court doubts that further prosecution of this
12 matter would be likely to result in a public benefit.  Actions of
13 this nature can only serve the public when they are well founded
14 and faithfully prosecuted, yet Plaintiffs' conduct suggests that
15 they have little interest in seeing justice done.  Plaintiffs'
16 chronic refusal to pursue this matter in good faith, and their open
17 defiance of multiple court orders, cast doubt on their motivation
18 for pursuing this litigation.  Consideration of the public interest
19 therefore weighs in favor of dismissal.

20      Consideration of this Court's docket also weighs in favor of
21 dismissal.  As San Francisco points out, "48 of this cases' 85
22 docket items have concerned plaintiffs' and plaintiffs' counsel's
23 misconduct."  Mot. at 7.  Plaintiffs' bad-faith refusal to
24 cooperate with Defendants' discovery requests, and to comply with
25 this Court's discovery orders, has wasted too much of the Court's
26 time and resources.  The trial in this matter was scheduled to
27 occur last January, and has been delayed because of the continuing
28 discovery disputes and the inability of the parties -- particularly

**United States District Court**
For the Northern District of California

1    Plaintiffs -- to cooperate.  This factor weighs in favor of

2    dismissal.

3          The Court finds that Defendants would be prejudiced by a

4    failure to issue sanctions in this instance.  San Francisco has

5    continued to seek information that is immediately relevant to its

6    defense in this matter.  Plaintiffs' failure to provide this

7    information undermines Defendants ability to disprove one or more

8    of Plaintiffs' theories of damages.  Moreover, "[w]here counsel

9    continues to disregard deadlines, warnings, and schedules set by

10   the district court, . . . a lack of prejudice to defendants is

11   [not] determinative."  Henderson v. Duncan, 779 F.2d 1421, 1425

12   (9th Cir. 1986).  This Court has repeatedly and unambiguously

13   ordered Plaintiffs to produce the requested information, and

14   Plaintiffs have openly flouted this Court's direction.  At this

15   point, "the integrity of the district court is involved.  In this

16   case, the district court did warn explicitly of the consequences of

17   counsel's dilatory behavior, and imposed a schedule for discovery.

18   . . ."  Id.  Even in the absence of prejudice to Defendants,

19   dismissal would be warranted.

20         As for "the public policy favoring disposition of cases on

21   their merits," this factor inherently disfavors dismissal.

22   Nevertheless, any interest in resolving this dispute on the merits

23   is undermined by Plaintiffs' failure to cooperate to ensure that

24   resolution on the merits will be based on a full record containing

25   all relevant facts.

26         Plaintiffs, and Haynes in particular, have already faced

27   multiple orders compelling production and issuing lesser sanctions.

28   They have been warned that they would face dismissal should their

noncompliance continue.  Yet Plaintiffs continue to fail to
cooperate with Defendants' discovery requests in good faith, even
when repeatedly ordered to do so.  Judge James previously
considered and tried lesser monetary sanctions against Haynes.  <u>See</u>
First Sanction Order at 2; Judge James Order at 2.  Haynes failed
to pay the first sanctions on time, and other monetary sanctions
remain outstanding.  Plaintiffs' "compliance" with prior discovery
orders has been blatantly nonresponsive.  <u>See</u> M. Landry Responses
at 2; D. Landry Responses at 2-3.  This Court has warned Plaintiffs
that their conduct could lead to terminating sanctions, not once,
but on two separate occasions.  <u>See</u> Minute Order; Clarification
Order at 2.  In this case, the threat and efficacy of less drastic
sanctions has proven to be negligible.  Upon consideration of all
factors, the relevant facts of this case, and the history of the
attorneys' conduct in this matter, the Court concludes that
dismissal is appropriate.

**V.    <u>CONCLUSION</u>**

The Court finds that Plaintiffs have willfully defied the
orders of Judge James and of this Court.  The repeated and
continuous nature of the misconduct, as well as the unprofessional
conduct of Haynes, fail to demonstrate even the modest levels of
civility necessary to carry a civil matter to trial.  The monetary
sanctions ordered by Judge James in her order of December 28, 2009,
remain outstanding.  The Court therefore concludes that terminating
sanctions are now appropriate.

The Court notes that Plaintiffs themselves have not been
especially cooperative throughout the prosecution of this matter,

11

although their refusal to cooperate during depositions was based at least in part upon the advice of Haynes.  Nevertheless, this dismissal is based primarily upon the repeated misconduct of Haynes.  To the extent that this misbehavior was outside of their control, Plaintiffs may have other avenues for seeking remedies against their attorney, should they wish to pursue them.  This matter is DISMISSED WITH PREJUDICE.


          IT IS SO ORDERED.


          Dated: April 9, 2010                    
                                        UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

12